**XIAO QIANG LIN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–73230.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 7, 2016.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Oil, Karen Y. Stewart, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Xiao Qiang Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that Lin failed to establish past persecution on account of "other resistance" to China's coercive population control policy. *See He v. Holder*, 749 F.3d 792, 795–96 (9th Cir.2014); *see also Gu*, 454 F.3d at 1020–21 (record did not compel the finding that petitioner suffered past persecution). We reject Lin's contention that the BIA failed to consider his experiences cumulatively. Substantial evidence also supports the agency's conclusion that Lin did not establish a well-founded fear of future persecution. *See He*, 749 F.3d at 796. Thus, Lin's asylum claim fails.

Because Lin failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this cases is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.